[No. A119729. First Dist., Div. Five. Oct. 9, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED OMOIGHE AKHILE, Defendant and Appellant.

560

COUNSEL

Sara E. Coppin and Robert B. Jobe for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Allen Yannow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMONS, J.**—To ensure that noncitizens are aware of potential immigration consequences before they enter a plea of guilty or no contest to a criminal charge, Penal Code section 1016.5, subdivision (a),[1] sets out a specific advisement for the trial court to provide "[p]rior to acceptance" of the plea.

---

[1] All undesignated section references are to the Penal Code.

When the trial court fails to provide this advisement, the defendant is entitled to have the plea vacated, after making a showing that he or she faces an adverse immigration consequence due to the conviction and was prejudiced by the nonadvisement. The trial court denied appellant Fred Omoighe Akhile's section 1016.5 motion to vacate because the prosecution proved he had been advised of the immigration consequences at his arraignment several weeks before entering his plea. We reverse because we construe section 1016.5 to require that the advice be provided during the taking of the plea. We remand to permit the trial court to determine whether appellant has demonstrated he was prejudiced by receiving the advice prematurely and whether his motion was timely filed.

## BACKGROUND

Appellant is a native of Nigeria, who entered the United States on a tourist visa in 1982 and never left. In February 1992, appellant pled guilty to violation of former section 487.1, grand theft by embezzlement. The trial court sentenced him to a term of two years in state prison.

In April 1993, the Immigration and Naturalization Service (INS) (now the Dept. of Homeland Security) commenced deportation proceedings against appellant on the ground he had remained in the country longer than allowed under his visa. In March 1997, the INS lodged an additional charge against appellant, alleging that his 1992 conviction constituted another ground for deportation. In April 1997, appellant obtained an immediate relative visa through his citizen wife. In November 1997, an immigration judge declined to provide appellant relief from deportation; the decision was affirmed in 2002 by the Board of Immigration Appeals. The decisions were based in part on appellant's 1992 conviction.

In July 2007, appellant filed a section 1016.5 motion to vacate his 1992 guilty plea. In a declaration, appellant averred he was taken into custody by immigration authorities in November 2005 and held in detention until June 2006. While in detention he learned from a cellmate that the trial court had been obligated to advise him of the possible immigration consequences of his 1992 plea. Defendant further averred he had not been so advised and, had he been so advised, he would not have pled guilty.

No transcript of the February 1992 plea hearing was available because it had been destroyed in 2002. The minute order for the plea hearing did not indicate appellant had been advised of the possible immigration consequences of his plea. The minute order for the December 1991 arraignment did state, "Defendant advised of provisions of PC 1016.5."

The trial court denied appellant's section 1016.5 motion. The court stated: "I'm going to find that since he was advised at the time of his arraignment that there were immigration consequences, he was advised in this proceeding of the immigration consequences. I will note that there is no evidence in the file, either by way of the change of plea form, or in a transcript, that he was advised of the immigration consequences at the time of the entry of his plea. And I'm going to deny the motion because he was advised at the time of his arraignment."

## DISCUSSION

Section 1016.5, subdivision (a), provides that "[p]rior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." A defendant is "presumed not to have received" the advisement unless it appears in the record. (§ 1016.5, subd. (b); see also *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 191 [96 Cal.Rptr.2d 463, 999 P.2d 686] (*Zamudio*).)

The statute specifies a remedy for a trial court's failure to administer the advisement: "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." (§ 1016.5, subd. (b).)

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement." (*People v. Totari* (2002) 28 Cal.4th 876, 884 [123 Cal.Rptr.2d 76, 50 P.3d 781] (*Totari I*); see *Zamudio, supra,* 23 Cal.4th at pp. 192, 199–200.) Although we review the trial court's denial of the motion for abuse of discretion (*Zamudio,* at p. 192), statutory interpretation is an issue of law we decide de novo (*Regents of University of*

*California v. Superior Court* (1999) 20 Cal.4th 509, 531 [85 Cal.Rptr.2d 257, 976 P.2d 808]).

The trial court denied appellant's motion to vacate for failure to show the first element, that he did not receive the section 1016.5 advisement. No published decision addresses the statutory interpretation issue in this case: Whether an advisement at the time of the arraignment, but not at the time of the subsequent plea, satisfies section 1016.5.

■ Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. (Code Civ. Proc., § 1859.) We begin by examining the statutory language, giving the words their usual, ordinary meaning. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) The statutory language at issue requires a trial court to administer the advisement "[p]rior to acceptance of a plea of guilty." (§ 1016.5, subd. (a).) The phrase is ambiguous because it is reasonably susceptible to the interpretations offered by both parties (*California Forestry Assn. v. California Fish & Game Commission* (2007) 156 Cal.App.4th 1535, 1545 [68 Cal.Rptr.3d 391]); that is, it can be read to require either that the advisement be given at the time of the plea or that the advisement be given at any time during the criminal proceedings before the plea. ■ When, as here, "a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) We must consider " ' "the object to be achieved and the evil to be prevented by the legislation," ' " and, barring some more paramount consideration, ambiguities " 'must be resolved in favor of the defendant.' " (*Zamudio, supra*, 23 Cal.4th at pp. 193, 198; see also *People v. Simon* (1995) 9 Cal.4th 493, 517 [37 Cal.Rptr.2d 278, 886 P.2d 1271].)

■ Section 1016.5 contains an "express statement" of legislative intent. (*Zamudio, supra*, 23 Cal.4th at p. 193.) The Legislature was concerned about the "many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime" in which "a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (d).) Section 1016.5 was enacted "to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the

defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction." (*Id.*, subd. (d).)

The more reasonable interpretation of section 1016.5 is that the advisement must occur within the context of the taking of the plea. Respondent's interpretation is that the advisement may be given at any point during the criminal proceedings, including the arraignment, as long as it occurs before entry of the plea. That interpretation may undermine the statute's goal of ensuring that noncitizens entering a plea of guilty are actually aware of the possible immigration consequences. If a defendant does not plead guilty at the arraignment, then significant time may pass before a guilty plea is entered. Moreover, a defendant is likely to give the advisement more attention and significance at the plea stage than at the arraignment stage. Finally, a defendant may plead guilty to a different charge or charges than those involved at the arraignment, and some defendants may be confused as to whether the advisement continues to apply. For those reasons, respondent's interpretation of section 1016.5 would in many cases introduce significant uncertainty as to whether the defendant actually recalled the advisement and understood the possible immigration consequences at the time of entry of the plea. In enacting the statute, the Legislature sought to eliminate such uncertainty. Accordingly, respondent's interpretation is not " 'reasonable, fair and harmonious with [the statute's] manifest purpose.' " (*Conway v. City of Imperial Beach* (1997) 52 Cal.App.4th 78, 85 [60 Cal.Rptr.2d 402].)[2]

■ Because respondent's interpretation would undermine the Legislature's purpose, we hold that the advisement required by section 1016.5 must occur within the context of the taking of the plea.[3] Our holding is further supported by the principle that ambiguities should be interpreted in the defendant's favor. (*Zamudio, supra,* 23 Cal.4th at p. 198; *People v. Simon, supra,* 9 Cal.4th at p. 517.) Appellant has shown that he was not properly advised under section 1016.5.[4]

---

[2] The language in the statute stating that trial courts should provide a defendant a "reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of" the possible immigration consequences (§ 1016.5, subd. (d)), also reflects the Legislature's expectation that the advisement will occur at the time of the plea.

[3] Our decision should not be read to discourage trial courts from providing the advisement at the time of the arraignment *in addition to* the time of the plea.

[4] Because we hold an advisement given other than at the time of the plea does not satisfy section 1016.5, we need not consider the adequacy of the notation in the minute order for the arraignment, "Defendant advised of provisions of PC 1016.5." (See *People v. Dubon* (2001) 90 Cal.App.4th 944, 954–955 [108 Cal.Rptr.2d 914] [notation that defendant was advised of the possible effects of his plea on " 'alien/citizenship/probation/parole status' " was insufficient to show compliance with § 1016.5].)

■ This conclusion does not require a trial court to ignore the obviously material fact of an earlier advisement. Instead it simply shifts the court's consideration of this factor to the prejudice determination. In *Totari I*, our Supreme Court discussed the prejudice determination in the course of ruling that the denial of a section 1016.5 motion is appealable. "On the question of prejudice, defendant must show that it is reasonably probable he would not have pleaded guilty or nolo contendere if properly advised. (*Zamudio, supra*, 23 Cal.4th at pp. 209–210.) Whether defendant knew of the potential immigration consequences, despite inadequate advisements at the time of the plea, may be a significant factor in determining prejudice or untimeliness. (*Id.* at pp. 199, 207, 209–210.) Thus, in deciding the merits of defendant's motion to vacate, it may be important for the trial court to determine the factual issue of knowledge." (*Totari I, supra*, 28 Cal.4th at p. 884.) Implicit in this discussion is that the appropriate time for the court to advise of the immigration consequences is "at the time of the plea." (*Ibid.*) And, if the advisement was inadequate, earlier advisements "may be a significant factor in determining prejudice." (*Ibid.*)

We reject respondent's view that the statute categorically bars relief if the court provided the required advice sometime during the pendency of the criminal charges, before entry of the plea. Instead, an advisement at the arraignment becomes *a* factor that the trial court should consider in deciding if prejudice has been established.

On remand, the trial court should determine whether defendant suffered prejudice; that is, defendant must show it is "reasonably probable he would not have pleaded guilty or nolo contendere if properly advised." (*Totari I, supra*, 28 Cal.4th at p. 884; see also *Zamudio, supra*, 23 Cal.4th at p. 210 ["Whether defendant was prejudiced by the trial court's incomplete advisements is a factual question, appropriate for decision by the trial court in the first instance."].)[5] Appellant need not demonstrate a likelihood he would have obtained a more favorable result at trial. (*People v. Castro-Vasquez* (2007) 148 Cal.App.4th 1240, 1245–1246 [56 Cal.Rptr.3d 406].) The trial court should also consider respondent's argument that appellant delayed too long in bringing the motion to vacate. (*Zamudio*, at p. 204; *People v. Totari* (2003) 111 Cal.App.4th 1202, 1209 [4 Cal.Rptr.3d 613].)

---

[5] Respondent does not dispute that appellant established the second element: more than a remote possibility the conviction would have one or more of the adverse immigration consequences specified in section 1016.5. (*Zamudio, supra*, 23 Cal.4th at p. 202.)

## DISPOSITION

The trial court's order denying appellant's motion to vacate is reversed. The matter is remanded for further proceedings consistent with this opinion.

Jones, P. J., and Needham, J., concurred.