Filed 12/16/14  P. v. Gastelum CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS MEZA GASTELUM,<br><br>    Defendant and Appellant. | 2d Crim. No. B252270<br>(Super. Ct. No. GA017073)<br>(Los Angeles County) |

Jesus Meza Gastelum appeals an order denying his motion to vacate his nolo contendere plea to possession of marijuana for sale.  (Health & Saf. Code, § 11359.)  Gastelum claimed that when he entered his 1994 plea, he was not properly advised about the immigration consequences.  We conclude, among other things, that:  1) the trial court erred by considering the private immigration advice given by Gastelum's public defender in deciding whether Gastelum received the immigration consequences advisement required by Penal Code section 1016.5,[1] but 2) Gastelum did not meet his burden to show if properly advised he would not have pled no contest, and 3) the trial court's finding that his motion was unreasonably delayed is supported by the record.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTS

In March 1994, Gastelum pled no contest to possession of marijuana for sale - a felony. There is no reporter's transcript of that proceeding. He was placed on three years' probation on condition that he serve 180 days in county jail.

Gastelum is not a United States citizen. In May 1994, the United States Immigration and Naturalization Service (INS) issued him an immigrant visa in El Paso, Texas.

Gastelum successfully completed probation. In 1999, upon his application, the trial court allowed him to enter a not guilty plea and dismissed the charge pursuant to section 1203.4. The conviction was consequently "expunged from his record," but this has "no effect on the federal immigration consequences of his conviction." (*People v. Martinez* (2013) 57 Cal.4th 555, 560.)

In 2013, Gastelum filed a motion to vacate his 1994 no contest plea "pursuant to California Penal Code § 1016.5." He claimed he was not properly advised of the immigration consequences of that plea. He attached an INS letter dated August 30, 1994, indicating that because of his 1994 conviction he was subject to deportation as a non-citizen. In 1996, he was denied permission to enter the United States. Gastelum also attached handwritten notes that his counsel obtained from the public defender who represented him in 1994.

In her opposition, the prosecutor said the public defender's notes show: 1) he advised Gasteleum that he "could be excluded or deported," and 2) Gastelum responded that he would "take his chances [with] immigration."

The trial court denied the motion. It considered Gastelum's trial counsel's 1994 notes about private immigration advice in deciding whether Gastelum received the immigration consequences advisement required by section 1016.5. The court said, "His attorney advised him of the consequences in the notes." It said the motion was also "way too late." It said,"[H]e waits 19 years later when everything is destroyed and all we have is a dummy file."

## DISCUSSION

### *The Motion to Vacate*

Gastelum contends the trial court erred by denying his motion to vacate because he was not properly advised about the immigration consequences of the 1994 plea.

### *Section 1016.5*

"Before accepting a plea of guilty or no contest, a trial court is statutorily required to advise a defendant that if the defendant is not a citizen of this country, the plea could result in deportation, exclusion from the United States, or denial of naturalization.  (Pen. Code, § 1016.5, subd. (a).)"  (*People v. Arriaga* (2014) 58 Cal.4th 950, 955.)

Section 1016.5, subdivision (b) provides, in relevant part, "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and *permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement* required by this section, *the defendant shall be presumed not to have received the required advisement*."  (Italics added.)

Our Supreme Court has held that in addition to showing that "the trial court failed, at the time of the plea, to advise him as provided by statute," the defendant must also show:  1) "more than a remote possibility that his conviction will have one or more of the specified adverse immigration consequences," and 2) that if "properly advised, he would not have pleaded no contest."  (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)

*Proper Advisement of Immigration Consequences?*

Gastelum contends a trial court deciding a motion to vacate may not use his public defender's notes about private advice on immigration consequences as a substitute for the section 1016.5 advisements the court must give at the time of the plea. We agree.

Now there is no record showing the trial court provided the section 1016.5 immigration advisements. The superior court clerk notified Gastelum that the reporter's transcript of the 1994 hearing was "destroyed pursuant to section 69955 of the Government Code." The trial court found "everything is destroyed and all we have is a dummy file."

In *People v. Arriaga*, *supra*, 58 Cal.4th at page 963, our Supreme Court held that where the record does not reflect whether the court gave the section 1016.5 advisements at the time of the plea, the burden shifts to the prosecutor. The "presumption of nonadvisement established by section 1016.5's subdivision (b) is controlling unless and until the prosecution rebuts it by proving it is more likely than not that the defendant *was* properly advised." (*Arriaga*, at p. 963.) The question then becomes whether "the prosecution" carried "its burden of proving that defendant received the proper advisements." (*Ibid.*)

The prosecutor attempted to meet her burden by relying on the public defender's 1994 notes which were attached to Gastelum's motion. The notes contained the advice he gave Gastelum on the immigration consequences.

An attorney's private consultation with his or her client about immigration consequences is to be encouraged. But the immigration advisements required by section 1016.5 involve the court proceedings. (*People v. Akhile* (2008) 167 Cal.App.4th 558, 564.) Those immigration advisements "must occur within the context of the taking of the plea." (*Ibid.*) In *Akhile*, the trial court gave the section 1016.5 advisements at the arraignment. But the Court of Appeal held that providing the section 1016.5 advisements at the arraignment is not a substitute for the failure to give them when defendant pled guilty. In this case there is no evidence the trial court gave a section 1016.5 advisement.

4

The People contend the notes of Gastelum's trial counsel show that Gastelum "was advised of the immigration consequences" of his plea by his counsel. But a motion to vacate filed pursuant to section 1016.5 involves whether "*the court provided the advisement required by this section.*" (§ 1016.5, subd. (b), italics added.) An attorney's private immigration advice is not a substitute for the advisements the trial court is required to give.

Gastelum contends his counsel misadvised him. He cites a notation where his public defender wrote, "I told [Gastelum] that my understanding as to [immigration consequences] is that [he] could be deported [or] excluded *just based on his arrest for narcotics*." (Italics added.) But that is not correct because it is the plea, not the arrest, that subjects the defendant to the immigration consequences. (*People v. Arriaga*, *supra*, 58 Cal.4th at p. 955.)

The public defender also told Gastelum that "a conviction for drugs will jeopardize [his] chances to get a green card." He said he advised Gastelum of information he had received from Gastelum's immigration lawyer. But it is not clear what information the immigration lawyer provided or whether the notes contained all the immigration advice his public defender gave. Gastelum did not testify. He did not subpoena the public defender or his immigration lawyer to testify at the hearing. He did not file a habeas petition and did not provide a sufficient record to decide whether he satisfied all the elements of an ineffective assistance of counsel claim.

But Gastelum is correct that the record does not now show that he was advised of the immigration consequences at the time of his plea in compliance with section 1016.5.

*Did Gastelum Meet the Zamudio Requirements?*

Showing that the defendant was not properly advised is the first step. But to vacate the plea, the defendant also must show: 1) "more than a remote possibility that his conviction will have one or more of the specified adverse immigration consequences" mentioned in section 1016.5, and 2) that if "properly advised, he would not have pleaded no contest . . . ." (*People v. Superior Court (Zamudio)*, *supra*, 23 Cal.4th at p. 192.)

5

The INS immigration documents Gastelum attached to his motion satisfied the first requirement. The August 30, 1994, INS letter was a notice that he was subject to deportation because of his plea.

But Gastelum did not satisfy the second *Zamudio* requirement. "[T]he defendant must provide a declaration or testimony stating that he or she would not have entered into the plea bargain if properly advised." (*People v. Martinez*, *supra*, 57 Cal.4th at p. 565.) Gastelum did not testify at the hearing on his motion to vacate. He did not file a declaration. He submitted an unsworn handwritten statement in Spanish. His counsel filed a typed translated version of it *and labeled it* a "declaration." But that does not suffice. (*Ibid.*) A declaration must be made under penalty of perjury. (*People v. Pierce* (1967) 66 Cal.2d 53, 59; *People v. Griffini* (1998) 65 Cal.App.4th 581, 586.) Here the document contains no statement made under oath or under penalty of perjury. Consequently, there was a failure of proof. (*Martinez*, at p. 565.)

In addition, in her opposition to the motion, the prosecutor objected to the "declaration" because it contained only conclusory assertions. In that document Gastelum said, "If I had known, that the crime would disqualify me I would not have declared guilty." The remainder of this handwritten document contains a series of unconnected, vague, confusing and conclusory statements. It does not contain specific facts, dates, or events to corroborate his claim. "It is up to the trial court to determine whether the defendant's assertion is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances." (*People v. Martinez*, *supra*, 57 Cal.4th at p. 565.)

The trial court could also consider statements Gastelum made to his counsel before his plea in deciding the second *Zamudio* factor. The public defender's notes reflect that in 1994 Gastelum told his counsel that he had an "appointment" with federal officials on his application for a "green card." His counsel said a "conviction" would "jeopardize [his] chances" to get one. Gastelum said he would "take his chances [with] immigration [and] will enter [a] no contest plea as long as sentencing is put over beyond [the] INS [hearing] date of 5/5/94." The court also found Gastelum had an immigration

lawyer who "was advising him through this process." The public defender's notes indicate that Gastelum "admits to possessing" marijuana. The prosecutor noted that Gastelum's plea led to a 180-day jail sentence and three years' probation. She said the plea "benefited [him], as it led to a significantly lighter sentence" than the one he could have received had he proceeded to trial and had been convicted as charged.

*Was The Motion Timely?*

The trial court found there was a 19-year delay between the entry of his plea and the filing of the motion. It ruled his motion was "too late."

Gastelum notes that in *People v. Superior Court (Zamudio)*, *supra*, 23 Cal.4th at page 204, the court said that "the plain language of section 1016.5" contains "no time bar" for the filing of a motion to vacate based on non-advised immigration consequences. But it also said "a motion is timely if brought *within a reasonable time* after the conviction actually 'may have' such consequences." (*Ibid.*, italics added.) Consequently, relief may be denied where "appellant delayed too long in bringing the motion to vacate." (*People v. Akhile*, *supra*, 167 Cal.App.4th at p. 565.) A defendant must act with reasonable diligence. (*People v. Kim* (2009) 45 Cal.4th 1078, 1099-1100; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1146, 1149; *People v. Totari* (2003) 111 Cal.App.4th 1202, 1208.) We review findings on lack of diligence for abuse of discretion. (*Totari*, at p. 1208.)

Gastelum received an INS notice in August 1994 indicating that he fell within a class of excludable aliens because of his 1994 conviction. He made no showing why he did not file this motion in 1994. (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1099-1100.)

At the hearing on the motion to vacate, Gastelum's counsel (not his current counsel) said that in 1996 the "Immigration Service denied his admission to the United States." The trial court asked why the motion to vacate was not filed at that time. Counsel responded, "[T]he immigration laws in 1996 were different than what the immigration laws are post-1996."

7

But counsel did not directly answer the trial court's question or make an offer of proof about why Gastelum delayed until 2013 to bring this motion. Where there is a long period between the immigration consequences and the subsequent motion to vacate the plea the defendant must "explain and justify the delay." (*People v. Casteneda* (1995) 37 Cal.App.4th 1612, 1618.) In Gastelum's unsworn written statement, he gave no indication why he did not file his motion sooner. Nor did he indicate what prompted him to file the motion in 2013. He did not explain what had occurred in the two decades between the plea and the motion.

Gastelum was also in court during the 1999 hearing on his section 1203.4 application. But he made no showing why he did not bring the motion at that time. He did not testify at the hearing on his motion to vacate. Gastelum has not shown the trial court erred by finding his motion was untimely. (*In re Reno* (2012) 55 Cal.4th 428, 452, 462; *People v. Mbaabu*, *supra*, 213 Cal.App.4th at pp. 1146, 1149; *People v. Totari*, *supra*, 111 Cal.App.4th at p. 1208.)

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


8

Janice C. Croft, Judge

Superior Court County of Los Angeles

_____


Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.