Filed 3/9/15  P. v. Yu CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JASON C. YU,<br><br>　　　Defendant and Appellant. | B254291<br><br>(Los Angeles County<br>Super. Ct. No. PA032765) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Dalila Corral Lyons, Judge.  Affirmed.

　　　Rene A. Ramos, for Defendant and Appellant.

　　　Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jason Yu appeals from the trial court's order denying his motion to vacate his plea of guilty to one count of possession of cocaine. Yu contends he was improperly advised of the immigration consequences of his plea and, if he had been properly advised, he would not have agreed to plead guilty to the charge.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Yu is a citizen of Taiwan. He came to the United States in 1990 when he was 14 years old and graduated from college in California. Yu is currently in the United States based on a work permit and is employed by a nutritional food company. Yu has also purchased a home in Los Angeles County. His application to become a lawful permanent resident had been pending since 2006. His brother and some members of his extended family are lawful permanent residents of this country. Other relatives were born in the United States.

In a felony complaint dated March 19, 1999, Yu was charged with one count of possession of a controlled substance (cocaine) in violation of Health and Safety Code section 11350, subdivision (a). He was deemed eligible for a drug diversion program, deferring entry of judgment pending his completion of a treatment program. Represented by a public defender, Yu appeared in court on April 13, 1999 for his arraignment and plea. In the course of the plea, the prosecutor advised Yu, "If you are not a citizen of the United States, you will most likely be deported, denied citizenship, or denied re-entry into the United States." After explaining the additional consequences of the plea and deferred entry of judgment, the prosecutor asked Yu, ""Do you have any questions you want to ask the judge, your attorney, or myself regarding anything I have just told you, or anything that you don't understand?"" Yu answered, ""No."" Pursuant to the plea agreement, entry of judgment was deferred for 18 months, and Yu was released to participate in the required drug treatment program.

---

[1] The trial court granted Yu's request for a certificate of probable cause. The California Supreme Court has since held no certificate of probable cause is required to appeal a trial court's order denying a motion to vacate a conviction under Penal Code section 1016.5. (*People v. Arriaga* (2014) 58 Cal.4th 950, 958-960.)

Yu was thereafter arrested and charged with being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and driving with a blood alcohol level of 0.08 percent or more (Veh. Code, § 23152, subd. (b)). On December 13, 1999, Yu entered a plea of no contest to the driving under the influence count. As a result of that conviction, the deferred entry of judgment program was terminated, judgment was entered, and on December 21, 1999 Yu was placed on three years of formal probation on condition he serve 90 days in the county jail. In 2006, Yu was allowed to withdraw his plea of guilty on the driving under the influence conviction, substitute a plea of not guilty and have his case dismissed pursuant to Penal Code section 1203.4 and expunged from the record.[2]

On September 25, 2013, Yu moved pursuant to Penal Code section 1016.5 (section 1016.5) to vacate his 1999 conviction. In a declaration submitted in support of his motion, Yu claimed: he had been unaware "of the immigration consequences as they related to" his guilty plea; was "surprised and distressed" when he learned in 2012 he was deportable as a result of his plea; and, had he known of that consequence, he would have exercised his right to a jury trial or negotiated a plea agreement without adverse immigration consequences. Yu also stated he would be devastated if he were separated from his family, forced to leave his job, church and home in this country. "I have many ties to this country, and I do not want to leave. I have helped expand my business, am very involved with my church, and my home, friends, and closest family members are here in the United States. I consider myself an American because I have been here so long and cannot imagine beginning a new life in another county."

Attached as exhibits to the motion were character references from Yu's employer, family, and church members, proof of income tax payments and home ownership as well as other documents, including a reporter's transcript of the hearing to terminate the deferred entry of judgment program on December 21, 1999. The reporter's transcript shows that immediately prior to entry of judgment and sentencing on his conviction for

_____

[2]     That action has no impact on the federal immigration consequences of his conviction. (*People v. Martinez* (2013) 57 Cal.4th 555, 560 (*Martinez*).)

3

possession of cocaine, Yu informed the trial court, "I think I made a big mistake to use drugs and I must stop because now I need to go to school, to finish my school. [¶] And, when I finish my school I'd like to go back to my country. So I would like to ask you to give me one more chance to finish my school and to get my education in the United States."

At a December 9, 2013 hearing on the motion to vacate his conviction, counsel presented a notice to appear Yu had received from the United States Department of Homeland Security in March 2012 informing Yu he was subject to removal from the United States as a result of this conviction.[3]

The trial court denied the motion, concluding the requirement under section 1016.5 a defendant "may" be deported, was equivalent to "most likely will be deported" as the prosecutor advised Yu. The court determined the advisement was adequate because it substantially complied with section 1016.5.[4] Relying on *People v. Martinez, supra,* 57 Cal.4th 555, the court further found it was not reasonably probable Yu would not have pleaded guilty had he been advised with the exact words of the statute.

---

**3** The notice to appear is not part of the clerk's transcript, but Yu's counsel stated, and the prosecutor did not disagree, that removal proceedings had been instituted by reason of Yu's conviction for possession of cocaine.

**4** As it did in 1999, section 1016.5 provides,"(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law . . . the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. [¶] (b) . . . If, . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

4

**DISCUSSION**

1. *The Governing Standard*

A defendant's right to an advisement about immigration consequences is statutory, not constitutional. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 194.) To prevail on a motion pursuant to section 1016.5, a defendant must establish: (1) at the time of the plea, the trial court failed to advise the defendant of the immigration consequences of the plea as provided in the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) properly advised, the defendant would not have entered the plea. (*People v. Arriaga* (2014) 58 Cal.4th 950, 957-958, citing *Martinez, supra,* 57 Cal.4th at pp. 558-559; *People v. Totari* (2002) 28 Cal.4th 876, 884.) The underlying purpose of section 1016.5 is to ensure the defendant has actual knowledge of the possible adverse immigration consequences of a guilty or no contest plea and has had an opportunity to make an intelligent choice to plead guilty or no contest. (*Martinez,* at pp. 561-562; *Zamudio,* at pp. 193-194.) Ordinarily, we review the denial of a motion to vacate under section 1016.5 for abuse of discretion. (*Zamudio, supra,* 23 Cal.4th at p. 192.) However, a denial based on the trial court's statutory interpretation is an issue of law we review de novo. (*People v. Akhile* (2008) 167 Cal.App.4th 558, 562-563.)

2. *The Section 1016.5 Advisement Was Substantially Correct*

Before entering a plea, section 1016.5 requires a defendant be expressly warned, "[i]f you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States . . . ." (§ 1016.5, subd. (a).) Use of the exact language of the statute is not required. "[O]nly substantial compliance is required under section 1016.5 as long as the defendant is advised of all three separate immigration consequences" of the plea. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 172, 174.)

5

Yu does not contend on appeal that the section 1016.5 advisement, as recited by the prosecutor, misstated the immigration consequences of his plea. Instead, Yu argues for the first time that the prosecutor erred because the warning of the immigration consequences was disconnected from language indicating that these consequences flowed from the plea. Yu argues the timing of the section 1016.5 advisement was wrong; the prosecutor stated it last in a recitation of the various consequences of the plea and deferred entry of judgment, which, according to Yu, rendered the advisement "meaningless." Yu maintains as a result the advisement did not substantially comply with section 1016.5 because Yu "could not have understood" the adverse immigration consequences described by the prosecutor would flow from his plea.

The advisement Yu received substantially complied with section 1016.5(a). Prior to taking the plea, the prosecutor told Yu "there are also certain consequences connected with your plea." Although the advisement was not a verbatim recitation of the one stated in section 1016.5(a), it was nevertheless sufficiently equivalent to the omitted statutory language. The prosecutor then told Yu of the various consequences of his guilty plea and deferred entry of judgment, concluding with the immigration advisement. Nothing in the statute prohibits giving the immigration advisement along with the other required information. The advisement adequately conveyed to Yu the adverse immigration consequences of his conviction regardless of the order in which it was given in the plea colloquy.

3. *Yu Failed To Demonstrate Prejudice*

In any event, the motion to vacate was properly denied because Yu failed to establish prejudice or that "'it [was] 'reasonably probable' he would have not pleaded guilty if properly advised.'" (*Martinez, supra*, 57 Cal.4th at p. 562.) The test is not whether there is a reasonable probability of a more favorable outcome had the plea been rejected, but rather whether there is a reasonable probability the defendant would have decided to reject the plea. (*Ibid.*) In considering whether a defendant would have accepted the plea offer, with effective assistance, the trial court is not obligated to accept

6

the defendant's post-conviction statement that with competent advice he or she would have rejected the plea offer. (*In re Alvernaz* (1992) 2 Cal.4th 924, 938.) Such a statement, "is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." (*Ibid.*) "[T]he court, in its discretion, may consider factors presented to it by the parties, such as the presence or absence of other plea offers, the seriousness of the charges in relation to the plea bargain, the defendant's criminal record, the defendant's priorities in plea bargaining, the defendant's aversion to immigration consequences, and whether the defendant had reason to believe that the charges would allow an immigration neutral bargain that a court would accept." (*Martinez, supra,* 57 Cal.4th at p.568.)

In 2013, Yu claimed in his declaration that had he been properly advised in April 1999, it is reasonably probable he would have negotiated a plea agreement without adverse immigration consequences or proceeded to trial rather than plead guilty because, after 23 years in the United States, he had developed deep roots in this country and wanted to remain here. Yu corroborated his claims with exhibits reflecting his home ownership, payment of income taxes, work experience and current employment, close ties to family members who were naturalized or American-born citizens and involvement in his church.

Nonetheless, it was reasonable for the trial court to infer from the charge and Yu's own statements he would have pleaded guilty regardless of the immigration consequences and despite the fact he has spent the majority of his life in the United States. In this case, Yu was facing a maximum possible sentence of three years in state prison. His plea resulted in placement in a diversion program that enabled him to avoid incarceration. A conviction after trial, on the other hand, would have subjected him to the same immigration consequences; and he offered no indication how he could have avoided that result. Indeed, Yu failed to offer any evidence from his counsel relating to possible defenses to the charged offense or to excuse his inability to do so.

More tellingly, eight months after pleading guilty to possession of cocaine, Yu appeared at a hearing in December 1999 to terminate the deferred entry of judgment

7

program and impose judgment and sentence. At that hearing, Yu told the court he regretted using drugs and wanted another chance to complete his education in the United States, intending to return to Taiwan. This evidence contradicts the post conviction statement of prejudice Yu made in 2013, four years after his guilty plea and placement in the deferred entry of judgment program.

The trial court properly denied Yu's motion to vacate the judgment.

**DISPOSITION**

The order is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


FEUER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.