Filed 4/7/14

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                                    )
                                               )
    Plaintiff and Respondent,          )
                                               )          S199339
        v.                                 )
                                               )     Ct.App. 2/2 B225443
VICTOR D. ARRIAGA,                             )
                                               )     Los Angeles County
    Defendant and Appellant.           )   Super. Ct. No. A537388
_____)

Before accepting a plea of guilty or no contest, a trial court is statutorily required to advise a defendant that if the defendant is not a citizen of this country, the plea could result in deportation, exclusion from the United States, or denial of naturalization. (Pen. Code, § 1016.5, subd. (a) (hereafter section 1016.5(a)); all further statutory references are to the Penal Code unless otherwise noted.) Here, defendant Victor D. Arriaga pled guilty to possessing a sawed-off shotgun. (Former § 12020, subd. (a)(8), repealed by Stats. 2010, ch. 711, § 4, operative Jan. 1, 2012, and reenacted as § 33215.) Twenty-four years later, he challenged the conviction, asserting that he had been not given the required immigration advisements. The trial court's denial of defendant's motion to vacate his conviction was upheld on appeal. In reaching its conclusion, the Court of Appeal held, contrary to the Court of Appeal in *People v. Placencia* (2011) 194 Cal.App.4th 489 (*Placencia*), that a defendant is not required to obtain a certificate of probable cause before appealing a trial court's denial of a motion to vacate a conviction under section 1016.5.

1

Both the Attorney General and defendant successfully petitioned this court for review, each raising a different issue. Is a certificate of probable cause required to appeal a trial court's order denying a motion to vacate a conviction under section 1016.5, as the Attorney General contends? Our answer is "No." When, as here, proof of the required immigration advisements is not adequately shown in the record, must the prosecution prove by clear and convincing evidence that the advisements were given, as defendant contends? Our answer: The requisite standard of proof is preponderance of the evidence. We affirm the Court of Appeal's judgment.

## I

Defendant, a native of Mexico, came to this country in 1970 and 10 years later became a lawful permanent resident. In 1986, he pled guilty to possessing a sawed-off shotgun (§ 33215), an offense that carries the collateral consequence of possible deportation for noncitizens under federal immigration law (8 U.S.C. § 1227 (a)(2)(C)). Some two decades after defendant's conviction, and after the federal government's denial of his citizenship application, federal authorities initiated deportation proceedings against him. Seeking to avoid deportation, defendant in 2010 filed a motion in the state trial court to vacate the 1986 conviction. At the 2010 hearing on the motion, he testified that he did not recall being told of the immigration consequences of conviction and that he would not have pled guilty had he known it could result in his deportation.

The reporter's transcript of defendant's 1986 plea hearing had been destroyed under Government Code section 69955's subdivision (e), which permits the destruction of "[r]eporting notes" for noncapital criminal proceedings after 10 years from the time the notes were taken. Available, however, was the minute order from the 1986 plea hearing. The minute order showed a checked box next to this statement: "Defendant advised of possible effects of plea on any alien or

2

citizenship/probation or parole status." But the minute order was silent on advisement of the three possible immigration consequences resulting from a plea of guilty or no contest: deportation, exclusion from the United States, and denial of naturalization. At the 2010 hearing, the prosecution conceded that the limited record of the 1986 plea hearing gave rise to a rebuttable presumption, imposed by statute, that the requisite advisements were not given. (§ 1016.5, subd. (b) (hereafter section 1016.5(b)) ["Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."].)

To rebut the statutory presumption of nonadvisement, the prosecution presented the testimony of former Los Angeles County Deputy District Attorney Harold W. Hofman, who was the prosecutor at defendant's 1986 plea proceeding. Hofman testified that in plea matters he, rather than the trial judge, would advise defendants of the immigration consequences of pleading guilty or no contest. Although Hofman did not remember this particular defendant, he said he always gave this advisement: "There are a number of consequences to your plea. One of those consequences is you may be deported from the country, that is, required to leave the country, after you are convicted of this offense. You may be denied readmission to the United States after you enter your plea. And if you apply for citizenship, that application may be denied."

The trial court denied defendant's 2010 motion to vacate his 1986 conviction, ruling that the prosecution had proved, by a preponderance of the evidence, that defendant was told of the immigration consequences of his guilty plea. Defendant, without first seeking a certificate of probable cause from the trial court, challenged the trial court's denial order in the Court of Appeal.

In a two-to-one decision, the Court of Appeal rejected the Attorney General's contention that defendant's appeal should be dismissed for lack of a

3

probable cause certificate. In the majority's view, such a certificate is not required to challenge a trial court's denial of a motion to vacate a conviction under section 1016.5. On that issue, the dissenting justice would have followed the contrary holding of the Court of Appeal in *Placencia*, *supra*, 194 Cal.App.4th 489; that justice concurred with the majority, however, in rejecting defendant's claim that he had not been advised of the immigration consequences of his 1986 guilty plea. In reaching the latter decision, the court rejected defendant's argument that the prosecution can rebut the statutory presumption of nonadvisement only by presenting clear and convincing proof that the requisite advisements were given. The court held that the applicable standard of proof is preponderance of the evidence.

The Attorney General and defendant both petitioned this court for review. The Attorney General sought review of the Court of Appeal's holding pertaining to the certificate of probable cause, while defendant sought review of the Court of Appeal's conclusion pertaining to the standard of proof. We granted review to resolve both issues.[1]

---

[1] During the pendency of our review, defense counsel notified us that defendant was granted United States citizenship, thus foreclosing the possibility of his deportation. Neither party asked us to dismiss review, and we exercised our discretion in keeping the case to resolve the two issues presented. (See, e.g., *People v. Harrison* (2013) 57 Cal.4th 1211, 1218 [exercising this court's "inherent discretion" to resolve the issue presented despite mootness of immediate controversy]; *San Jose Mercury-News v. Municipal Court* (1982) 30 Cal.3d 498, 501, fn. 2 [noting that this court may decide moot cases that present important questions affecting the public interest].)

4

## II

Section 1016.5(a) requires a trial court, before accepting a plea of guilty or no contest, to explain to a defendant that if the defendant is not a citizen of this country, conviction of the charged offense "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization . . . ." Section 1016.5(b) provides a remedy for a noncitizen defendant who is not advised of these consequences: "If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which [the] defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . . the court, on [the] defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." To prevail on a section 1016.5 motion, a defendant must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given. (*People v. Martinez* (2013) 57 Cal.4th 555, 558-559 (*Martinez*).)

We first consider the threshold inquiry whether obtaining a certificate of probable cause is a prerequisite to appealing a trial court's order denying a defendant's section 1016.5 motion to vacate a conviction.

### A. Certificate of Probable Cause to Appeal

A judgment or order is not appealable unless expressly made so by statute. (*People v. Totari* (2002) 28 Cal.4th 876, 881 (*Totari*).) In *Totari*, this court held that a trial court's order denying a section 1016.5 motion to vacate a conviction based on a plea of guilty or no contest is appealable: "Although section 1016.5

5

provides the remedy of a motion to vacate, it does not specifically authorize an appeal from the denial of such motion. However, section 1237 provides that a defendant may appeal from 'a final judgment of conviction' (§ 1237, subd. (a)) or from 'any order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))." (*Totari*, *supra*, at pp. 881-882.) Therefore, section 1237 provides the statutory authority for appealing from the denial of a section 1016.5 motion to vacate. As we explain below, whether a certificate of probable cause is required to perfect such an appeal depends upon whether section 1237's subdivision (a) or subdivision (b) provides the authority to appeal. We now turn to that issue.

The right to appeal from a final judgment of conviction based on a plea of guilty or no contest is subject to certain limitations, including first obtaining a certificate of probable cause from the trial court. (§§ 1237, subd. (a), 1237.5.) Section 1237's subdivision (a) states that a defendant may appeal from a final judgment of conviction "*except as provided* in . . . Section 1237.5." (Italics added.) Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where . . . [¶] . . . [¶] (b) *The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court*." (Italics added.)

A certificate of probable cause for appeal should not be issued if the intended appeal is "clearly frivolous and vexatious." (*People v. Ribero* (1971) 4 Cal.3d 55, 63, fn. 4.) Conversely, issuance of the certificate is proper when the issue on appeal involves "an honest difference of opinion." (*Ibid*.) In other words, the requirement of a certificate of probable cause serves as a mechanism for the trial court to determine whether there is a legitimate basis for the appeal. (*People v. Johnson* (2009) 47 Cal.4th 668, 676 (*Johnson*).) As this court has explained: " 'Before the enactment of section 1237.5, the mere filing of a notice

6

of appeal required preparation of a record and, in many cases, appointment of counsel; only after expenditure of those resources would an appellate court determine whether an appeal raised nonfrivolous issues that fell within the narrow bounds of cognizability.' " (*Ibid.*, quoting *People v. Hoffard* (1995) 10 Cal.4th 1170, 1179.)  The Legislature enacted section 1237.5 to remedy the unnecessary expenditure of judicial resources by preventing frivolous appeals challenging convictions based on pleas of guilty or no contest.  (*Ibid.*)

Defendant here contends a certificate of probable cause is not required to appeal a trial court's denial of a section 1016.5 motion to vacate a conviction resulting from either a plea of guilty or no contest because such an appeal is not, in the language of section 1237.5, "from a judgment of conviction upon a plea of guilty or nolo contendere . . . ."  Rather, defendant says, the appeal follows a trial court's denial of a *motion to vacate* a judgment of conviction based on a plea of guilty or no contest.  A similar argument was made in *Johnson*, *supra*, 47 Cal.4th 668, in which the defendant, without a certificate of probable cause, sought to appeal from the trial court's order denying his motion to withdraw his guilty plea.  In rejecting the defendant's argument in *Johnson* that a probable cause certificate was not required to pursue his appeal, this court stated:  "A defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs *after* the guilty plea."  (*Id.* at p. 679, citing *People v. Ribero*, *supra*, 4 Cal.3d 55.)  It is significant, however, as we explain on page 8, *post*, that the defendant's appeal in *Johnson* was from a final judgment of conviction, and thus brought under the authority of section 1237's subdivision (a).

The Court of Appeal in *Placencia*, *supra*, 194 Cal.App.4th 489, relied on our *Johnson* decision in concluding that a defendant's right to appeal a trial court's denial of a section 1016.5 motion to vacate a conviction is contingent on first

7

obtaining a certificate of probable cause. The *Placencia* court reasoned that "the existence of an express statutory basis for a motion to challenge a trial court's failure to give an immigration advisement does not warrant creation of a new exception to the certificate of probable cause requirement." (*Placencia*, *supra*, at p. 494; see also *People v. Rodriguez* (2012) 208 Cal.App.4th 998 [holding that the defendant was required to obtain a certificate of probable cause in order to appeal from the denial of his motion to vacate his conviction].) The Court of Appeal here reached the opposite conclusion, reasoning that an exception to the certificate of probable cause requirement is not necessary to appeal a trial court's denial of a section 1016.5 motion because such motions, unlike a "final judgment of conviction" (§ 1237, subd. (a)), are not limited by section 1237.5. We agree. Our reasons follow.

As discussed on page 6, *ante*, the statutory right of appeal under section 1237's subdivision (a) is expressly limited by section 1237.5's certificate of probable cause requirement. In *Totari*, *supra*, 28 Cal.4th at page 887, however, this court stated that the right to appeal a trial court's denial of a motion to vacate a conviction under section 1016.5 is authorized by section 1237's *subdivision (b)*. Unlike section 1237's subdivision (a), the right of appeal authorized by that section's subdivision (b) is *not* limited by section 1237.5. Section 1237's subdivision (b) simply says that an appeal may be taken by the defendant "[f]rom any order made after judgment, affecting the substantial rights of the party."

It is a settled principle of statutory interpretation that if a statute contains a provision regarding one subject, that provision's omission in the same or another statute regarding a related subject is evidence of a different legislative intent. (*Los Angeles County Metropolitan Transp. Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1108; *People v. Licas* (2007) 41 Cal.4th 362, 367; *People v. Cottle* (2006) 39 Cal.4th 246, 254.) The Legislature's express requirement that

8

a probable cause certificate be obtained before bringing an appeal under section 1237's subdivision (a), juxtaposed with its omission of such a requirement in section 1237's subdivision (b), indicates the Legislature's intent *not* to require a certificate of probable cause for appeals brought under subdivision (b). This makes sense, because an appeal from a postjudgment order does not generally require preparation of a trial record or the appointment of counsel, and thus does not implicate the probable cause certificate's purpose of preserving scarce judicial resources. (See *Johnson*, *supra*, 47 Cal.4th at p. 676, discussed on p. 6, *ante*.) Because it is section 1237's subdivision (b) that authorizes an appeal from a trial court's order denying a section 1016.5 motion to vacate a conviction (*Totari*, *supra*, 28 Cal.4th at p. 887), and that subdivision does not condition the right to appeal on first obtaining a certificate of probable cause, defendant here was not required to obtain a certificate of probable cause before challenging the denial order on appeal.[2]

**B. Standard of Proof**

We now decide the second issue on which we granted review: What standard of proof must the prosecution meet to overcome the legal presumption that a defendant was not advised of the potential immigration consequences of his conviction — deportation, exclusion from the United States, and denial of naturalization — when, as here, the record does not adequately show that the advisements were given? The presumption of nonadvisement is imposed by section 1016.5(b), which states: "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." Because here no reporter's transcript exists of defendant's 1986 plea hearing, and the minute order of that hearing does not set

_____

[2]    We disapprove the contrary holdings of *Placencia*, *supra*, 194 Cal.App.4th 489 and *People v. Rodriguez* (2012) 208 Cal.App.4th 998.

9

forth the actual advisements given, both parties agree that section 1016.5(b)'s presumption of nonadvisement applies. The parties also agree that the presumption of nonadvisement is rebuttable. (*People v. Dubon* (2001) 90 Cal.App.4th 944, 954 (*Dubon*).)

Every rebuttable presumption is either "(a) a presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof." (Evid. Code, § 601.) A presumption meant to implement a public policy determination affects the burden of proof. (Evid. Code, § 605.) The Legislature's provision of a remedy under section 1016.5(b), to "protect alien defendants who pleaded guilty without knowing that their guilty plea could lead to immigration consequences" (*Totari*, *supra*, 28 Cal.4th at p. 883), was a policy decision. Thus, the presumption of nonadvisement in section 1016.5(b) affects the burden of proof. (*Dubon*, *supra*, 90 Cal.App.4th at p. 953.)

The standard of proof, the United States Supreme Court has said, "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." (*Addington v. Texas* (1979) 441 U.S. 418, 423.) At one end of the spectrum is the "preponderance of the evidence" standard, which apportions the risk of error among litigants in roughly equal fashion. (*Ibid.*) At the other end of the spectrum is the "beyond a reasonable doubt" standard applied in criminal cases, in which "our society imposes almost the entire risk of error upon itself." (*Id.* at p. 423.) Between those two standards is the intermediate standard of clear and convincing evidence. (*Id.* at p. 424.) These three standards are codified in California's Evidence Code. Section 115 of that code states: "The burden of proof may require a party to . . . establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt.

10

[¶] *Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.*" (Italics added.)

If the Legislature has not established a standard of proof, a court must determine the appropriate standard by considering all aspects of the law. (*People v. Burnick* (1975) 14 Cal.3d 306, 314.) No standard of proof is specified in section 1016.5, which pertains to a trial court's responsibility to advise noncitizen defendants of the immigration consequences of conviction and authorizes a postjudgment motion to vacate conviction if a defendant is not properly advised. Defendant here contends that to rebut the presumption that he was not told of the immigration consequences of his guilty plea, the prosecution must prove by clear and convincing evidence that such advisements were given. As explained below, we agree with the Court of Appeal that the applicable standard of proof is preponderance of the evidence.

"The standard of proof that is required in a given context has been said to reflect '. . . the degree of confidence our society thinks [the factfinder] should have in the correctness of factual conclusions for a particular type of adjudication.' . . . The standard of proof may therefore vary, depending upon the gravity of the consequences that would result from an erroneous determination of the issue involved." (*People v. Jimenez* (1978) 21 Cal.3d 595, 604 (*Jimenez*), citation omitted; see *Harris v. Santa Monica* (2013) 56 Cal.4th 203, 238.) Defendant here argues that the grave consequence of deportation calls for a rule requiring the prosecution to establish by clear and convincing evidence that the required immigration advisements were given. In support of his argument, he notes this court's observation that a noncitizen defendant has a " 'substantial right' " to complete advisements under section 1016.5. (*Totari*, *supra*, 28 Cal.4th at p. 883; see *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199-200 (*Zamudio*).) He also relies on the United States Supreme Court's holding that "no

11

deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." (*Woodby v. Immigration Service* (1966) 385 U.S. 276, 286 (*Woodby*); see also *Schneiderman v. United States* (1943) 320 U.S. 118, 125 [applying the same rule to denaturalization proceedings].)

That noncitizen defendants have a substantial right to complete immigration advisements before pleading guilty or no contest does not compel the conclusion that a clear and convincing evidence standard should be imposed to rebut the presumption of nonadvisement in section 1016.5(b). In *People v. Carpenter* (1997) 15 Cal.4th 312, 380-382, for instance, this court held that although a jury's determination whether a defendant committed crimes other than those for which he was then being tried "affected the 'substantial rights of the defendant,' " such "other crimes" needed to be proven at the guilt phase of a trial only by a preponderance of the evidence.

In evaluating the consequences that may result from an erroneous determination that a defendant was properly advised, "it is necessary to consider the nature and purpose of the proceedings involved." (*Jimenez, supra*, 21 Cal.3d at p. 604.) Unlike deportation proceedings, in which the government must establish the facts alleged as grounds for deportation by clear and convincing evidence (*Woodby, supra*, 385 U.S. at p. 286), a hearing on a motion to vacate a conviction under section 1016.5, at issue here, is a collateral attack on a final judgment of conviction. The defendant bringing such a motion has already admitted the truth of the evidence supporting the conviction, and, as with a claim of ineffective assistance of counsel (*In re Resendiz* (2001) 25 Cal.4th 230, 254), the defendant carries the ultimate burden of proving that relief should be granted (*Martinez, supra*, 57 Cal.4th at p. 565; see *People v. Kim* (2009) 45 Cal.4th 1078, 1107 (*Kim*) [" ' "For purposes of collateral attack, all presumptions favor the truth,

12

accuracy, and fairness of the conviction and sentence; *defendant* thus must undertake the burden of overturning them." ' "]).  Also weighing against a clear and convincing evidence standard of proof is the government's strong interest in the finality of judgments.  (*Kim*, *supra*, at p. 1107.)

We emphasize, however, that the presumption of nonadvisement established by section 1016.5's subdivision (b) is controlling unless and until the prosecution rebuts it by proving it is more likely than not that the defendant *was* properly advised.  There will be circumstances, not present here, under which the trial court may properly conclude that the prosecution has not rebutted the nonadvisement presumption.  For instance, both the original prosecutor and the trial judge may be unavailable to testify; their testimony about what occurred at the plea hearing may prove less persuasive than the defendant's testimony; or the minute order for the plea hearing, by the absence of any notation that the defendant was advised, may strongly support an inference that advisements were *not* given (see *Martinez*, *supra*, 57 Cal.4th at p. 560).

Here, the trial court reasonably found that the prosecution *did* carry its burden of proving that defendant received the proper advisements.  At the 2010 hearing on his motion to vacate his guilty-plea-based conviction, defendant testified that he did not remember whether, at his 1986 plea hearing, he was told of the possible immigration consequences of pleading guilty.  The prosecutor who had been assigned to the 1986 hearing testified at defendant's 2010 motion to vacate the 1986 conviction that, although he did not recall defendant specifically, it was his practice to always advise defendants of the immigration consequences of pleading guilty or no contest, as required by section 1016.5.  The prosecutor recited in detail his oft-given advisement of immigration consequences (see *ante*, p. 3).  This testimony, coupled with the checked box on the minute order of the 1986 plea hearing, which indicated, "Defendant advised of possible effects of plea

13

on any alien or citizenship/probation or parole status," supports the trial court's finding that defendant was told of the immigration consequences of pleading guilty.

## DISPOSITION

We affirm the judgment of the Court of Appeal.


KENNARD, J.


WE CONCUR:

CANTIL-SAKAUYE, C. J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

14

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Arriaga

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 201 Cal.App.4th 429
**Rehearing Granted**

_____

**Opinion No.** S199339
**Date Filed:** April 7, 2014

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Steven D. Blades

_____

**Counsel:**

Joanna Rehm, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka and Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels, Victoria B. Wilson and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Joanna Rehm
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA  90025
(310) 207-0059

Steven D. Matthews
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 897-2367