Filed 4/21/14  P. v. Hidalgo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL HIDALGO,<br><br>    Defendant and Appellant. | 2d Crim. No. B251259<br>(Super. Ct. No. BA145941)<br>(Los Angeles County) |

Miguel Hidalgo appeals an order denying a motion to vacate his plea based upon allegedly inadequate advisement of potential immigration consequences.  (Pen. Code, § 1016.5.)[1]

On April 27, 1998, Hidalgo pleaded nolo contendere to assault with a deadly weapon and admitted inflicting great bodily injury upon his victim.  (§§ 245, subd. (a)(1), 12022.7, subd. (a).)  During the plea colloquy, Hidalgo was represented by counsel and was provided the services of a court interpreter.  The prosecutor warned Hidalgo that immigration consequences could result from the plea:  "There are certain consequences as a result of your plea of no contest. . . .  If you are not a citizen of the United States, you can be deported, denied naturalization, and denied citizenship in the future."  (§ 1016.5, subd. (a).)

---

[1] All further statutory references are to the Penal Code.  Our Supreme Court recently decided that a defendant is not required to obtain a certificate of probable cause before appealing the denial of a motion to vacate a conviction based upon allegedly inadequate advisement of immigration consequences of a plea.  (*People v Arriaga* (Apr. 7, 2014, No. S199339) - Cal.4th -, - [2014 Cal. LEXIS 2469].)

Following Hidalgo's plea, the trial court granted him three years of formal probation, with terms and conditions that included confinement in county jail for one year. On June 21, 2007, the court granted Hidalgo's motion to withdraw his plea following his successful probation and it dismissed the action. (§ 1203.4.)

On April 30, 2013, Hidalgo filed a motion to vacate his plea pursuant to section 1016.5. He asserted that he did not have the assistance of a Spanish-language interpreter during the plea colloquy and that the trial court did not sufficiently advise him of the immigration consequences of his plea. On June 25, 2013, the trial court concluded that the plea transcript reflects that Hidalgo used the services of a Spanish-language interpreter and that he was advised of possible immigration consequences. The court then denied the motion.

We appointed counsel to represent Hidalgo in this appeal. After counsel's examination of the record, she filed an opening brief raising no issues.

On February 13, 2014, we advised Hidalgo by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have not received a response.

We have reviewed the entire record and are satisfied that Hidalgo's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

2

Rand S. Rubin, Judge

Superior Court County of Los Angeles

_____


Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.