Filed 3/16/15  P. v. Garcia CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B256269 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA283364) |
| v. | |
| JULIO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed.

Eduardo Paredes for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Julio Garcia appeals from the trial court's order denying his motion to vacate a 2005 negotiated no contest plea to one count of robbery with a criminal street gang enhancement. (Pen. Code, § 1016.5.)[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

Garcia was charged with two counts of second degree robbery (§ 211) and two counts of dissuading a witness by force or threat (§ 136.1, subd. (c)(1)) in an information filed July 26, 2005. The information specially alleged the robbery offenses had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

2. *The Plea Hearing*

On November 4, 2005 Garcia entered a negotiated plea of no contest to one count of robbery and admitted an amended five-year criminal street gang enhancement (§ 186.22, subd. (b)(1)(B)). Prior to accepting Garcia's plea, the trial court recited its understanding of the plea agreement and then asked Garcia, "Is that your understanding?" Garcia answered, "Yes, Sir." The court confirmed with Garcia, "Is that what you wish to do?" Garcia answered, "Yes." The court then advised Garcia of the consequences of his plea, among them, "[I]f you're not a citizen, a plea will result in the denial of citizenship, exclusion from the United States and deportation. . . . Any questions about any of that stuff?" Garcia answered, "No, Sir."

At the trial court's request the prosecutor advised Garcia of his constitutional rights and the nature and consequences of his plea, including "As a result of your plea, if you're are not a citizen of this country, you're going to be deported. You're going to be excluded from admission back into the country. You're going to be denied naturalization and amnesty and denied reentry into the country. Do you understand all of that?" Garcia answered, "Yes, Sir."

Garcia then pleaded no contest to count 1 of the information, second degree robbery. His counsel joined in the waivers, concurred in the plea and stipulated to a

---

[1] Statutory references are to this code.

factual basis for the plea. The trial court found Garcia had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea and admission. The court continued Garcia's sentencing hearing.

3. *Sentencing Hearing*

On December 5, 2005 Garcia was sentenced, in accordance with the plea agreement, to an aggregate state prison term of seven years. Imposition of sentence was suspended, and Garcia was placed on three years of formal probation on condition he serve 365 days in county jail. The remaining counts were dismissed.

Prior to sentencing Garcia the trial court asked him, "Are you ready to go forward with sentencing today?" Garcia answered, "I just have a question." The court responded, "The answer is you're not getting out today. You're going to have 291 days' credit. When you get out I don't know, but I don't want to go forward and tell you you're getting out. You're getting sentenced to 365 days. That's 12 months. Normally people do eight months on that. Some people are getting out early and some people aren't. That's all I can tell you." Garcia conferred with defense counsel, who then indicated Garcia had understood the court's explanation and was ready to proceed with sentencing. The court imposed the agreed-upon sentence.

4. *The Motion To Vacate the Plea Pursuant to Section 1016.5*

On October 15, 2013, eight years after his no contest plea, Garcia filed a motion pursuant to section 1016.5 to vacate his no contest plea, contending, although he was given the required immigration advisements, he did not understand them because no Spanish language interpreter had been present at the plea hearing. According to Garcia's current counsel, "available court records" showed Garcia's "best language was Spanish" and he had the assistance of a Spanish language interpreter at his preliminary hearing.[2] In

---

[2] In fact, the "Preliminary Hearing Transfer Memo," upon which Garcia relies to support this assertion, shows an interpreter was requested to assist at the preliminary hearing, not that an interpreter was actually sent to the preliminary hearing courtroom. Furthermore, the document does not indicate whether the requested interpreter was to assist Garcia, as a proceedings or defense interpreter, or to serve as a witness interpreter at the preliminary hearing. (See generally *People v. Romero* (2008) 44 Cal.4th 386, 410

the motion counsel maintained Garcia's lack of an interpreter for "his best language at the time of the plea, calls into question" whether Garcia understood the immigration advisements.

In his declaration in support of the motion, Garcia stated he "was not sure of the charges I was being declared guilty for in court on December 2005. I was hoping that someone who could interpret would be there at that moment but it didn't turn out that way. The only thing that I know was that if I responded to everything they would let me be free soon and that was what I wanted, everything happened quickly and until now I am becoming aware that it was 7 years of prison that I accepted to and not 1, if I would have known and understood all the charges I don't think I would have accepted because it is affecting my life right now and I am a father of three children who need me."[3] Neither the motion to vacate the plea nor Garcia's declaration stated his country of origin or described the level of his English language proficiency.

In their opposition to the motion, the People asserted that Garcia had claimed in the probation officer's report to have been born in California. before moving with his family to Mexico, where he lived until he was 12 years old. He then returned to California, where he attended high school through the eleventh grade. The People also maintained Garcia did not use an interpreter in 10 court appearances before four different bench officers and with four defense attorneys. During those proceedings Garcia responded in English when questioned in English. The record on appeal contains no

---

["'[i]n a criminal proceeding, an interpreter may perform three interrelated but distinct roles: (1) as a 'witness interpreter,' to enable questioning of witnesses who do not speak English; (2) as a 'proceedings interpreter,' to assist a non-English-speaking defendant to understand the exchanges at trial among attorneys, witnesses, and the court; and (3) as a 'defense interpreter,' to enable a non-English-speaking defendant to communicate with the defendant's English-speaking attorney'"].)

[3]     Copies of Garcia's declaration as originally written in Spanish and as translated into English by a Spanish-language speaker affiliated with Garcia's counsel are attached to the motion to vacate the plea. The declaration does not appear to have been made under penalty of perjury.

4

probation reports.  The transcripts and minute orders in the record are limited to the hearings on the plea, sentencing and motion to vacate the plea.

     5.  *The Hearing on the Motion To Vacate the Plea*

At the March 25, 2014 hearing on the motion the trial court stated it had read the reporter's transcript of the 2005 plea hearing and a letter received from Ron Hedding, who had represented Garcia at the plea hearing.  In his letter Hedding wrote, "It has been a standard practice of mine over the course of practicing criminal law for the past 20 years that I make absolutely certain that my clients are well informed of their rights and the immigration consequences of their plea.  Further, I have always been very cautious to make sure that my clients understand exactly what is going on.  [¶]  In reviewing the transcript you sent, I can see that I actually had a conversation with my client (in English) while we were discussing the case on the record.  Based on that and my standard practice, I seriously doubt that the client did not understand what was going on."

The trial court denied the motion.  The court found the plea hearing transcript and the Hedding letter established Garcia had been fully advised of and understood his constitutional rights and the section 1016.5 immigration consequences of his plea.  The court observed Garcia had expressly acknowledged he understood those rights and consequences at the plea hearing, had responded to all questions he was asked in English and never indicated he did not understand the proceedings.  The court further noted Garcia did not use a Spanish language interpreter during eight or nine previous court appearances, in particular a probation modification hearing on April 26, 2007 involving a search and seizure condition, which, at the time, Garcia had stated he understood.

## DISCUSSION

Before accepting a plea of guilty or no contest, a trial court is required to explain to a defendant that "if the defendant is not a citizen of this country, conviction of the charged offense 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization. . . .'"  (*People v. Arriaga* (2014) 58 Cal.4th 950, 955 (*Arriaga*); see § 1016.5, subd. (a)(5).)  Section 1016.5 "provides a remedy for a

noncitizen defendant who is not advised of these consequences: 'If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which [the] defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . . the court, on [the] defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.'" (*Arriaga,* at p. 957, quoting § 1016.5, subd. (b).)

To prevail on a section 1016.5 motion, a defendant must establish three elements: "(1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*Arriaga, supra,* 58 Cal.4th at pp. 957-958, We review an order denying a section 1016.5 motion to vacate the judgment for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 191.) Under this standard we must decide "'whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.'" (*People v. Clancey* (2013) 56 Cal.4th 562, 578.) It is Garcia's burden to show the trial court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1518.)

Acknowledging the section 1016.5 immigration advisements were given to him at the plea hearing, Garcia nonetheless contends the trial court abused its discretion in denying his motion to vacate his 2005 no contest plea. Garcia argues the advisements were inadequate because he was not provided with a Spanish language interpreter even though he had used an interpreter at the preliminary hearing and had never waived his right to an interpreter. The trial court found there was no factual basis for Garcia's claim he needed an interpreter to understand the section 1016.5 advisements at the plea hearing.

We need not determine whether the record supports this finding, however, as Garcia failed to provide any evidence that he would not have entered a plea had the advisements been translated or interpreted. At most, he now asserts, eight years after the

6

fact, that he is unsure what he would have done.  This is insufficient.  (See *In re Resendiz* (2001) 25 Cal.4th 230, 253.)  The court's denial of the statutory motion to vacate Garcia's no contest plea was not an abuse of discretion.

**DISPOSITION**

The order is affirmed.


PERLUSS, P. J.


We concur:



ZELON, J.



FEUER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.