Filed 5/10/16  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OCIEL HERNANDEZ RODRIGUEZ,<br><br>    Defendant and Appellant. | F070947<br><br>(Fresno Super. Ct. No. CF02671582)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Don Penner, Judge.

Jacob M. Weisberg for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

Defendant Ociel Hernandez Rodriguez was convicted by guilty plea of possession of methamphetamine (Health & Saf. Code, § 11378).  The trial court sentenced him to 16 months in prison.  The court denied defendant's motion to vacate his conviction pursuant to Penal Code section 1016.5.[1]  On appeal, defendant contends the trial court abused its discretion in doing so because it had failed to give a complete and accurate oral admonition regarding the immigration consequences of his plea.  We affirm.

## FACTS

On November 7, 2002, defendant signed a felony advisement, waiver of rights, and plea form, which included a section entitled "CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST."  One of those consequences stated:

> "2.     If I am not a citizen my change of plea could result in my deportation, exclusion from admission to the United States, and/or a denial of naturalization.  **Deportation is mandatory for some offenses.  I have fully discussed this matter with my attorney and understand the serious immigration consequences of my plea**."  (Emphasis original.)

Defendant initialed the box that followed this statement and signed the form, attesting that he had read, understood, and initialed each item on the form and that everything on the form was true and correct.  Defense counsel, Lourdes Arellano, signed the form, attesting that she had discussed and explained the consequences of the plea with defendant.

At the change of plea hearing on the same day, substitute counsel appeared for defense counsel.  The following occurred:

> "[SUBSTITUTE COUNSEL]:  Paul Hinkley with [defendant], who is present in court, in custody.  This is Miss Arrellano's [*sic*] case.  I believe she discussed the matter with the Court in chambers and the Court had indicated that there would be an offer of a mitigated lid.  There would be no CDC commitment without a 90-day diagnostic.  And if the defendant has a

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

substance abuse problem he maybe [*sic*] able to do a long term program. No promises made at this point in time. [¶] … [¶]

"[THE COURT:] I have received a Felony Advisement, Waiver of Rights and Plea Form. Counsel, have you reviewed this form with your client or has his attorney?

"[SUBSTITUTE COUNSEL]: His attorney has.

"THE COURT: Are you confident he understands the rights he's giving up and the consequences of his plea?

"[SUBSTITUTE COUNSEL]: She assures me he does.

"THE COURT: Factual basis pursuant to People v. West?

"[PROSECUTOR]: Yes.

"[SUBSTITUTE COUNSEL]: Yes.

"THE COURT: [Defendant] do you agree if I read the police reports in this case I would find sufficient evidence to find you guilty of the charge to which you're pleading to? You agree if I were to read the police reports I would find sufficient evidence to find you guilty to the charge to which you're pleading?

"THE DEFENDANT: Yes.

"THE COURT: In other words, if I read the police reports, sir, I would think you're guilty?

"THE DEFENDANT: Yes.

"THE COURT: All right. Now, sir, I'm holding up this tan Change of Plea Form[;] did you review the form with your attorney?

"THE DEFENDANT: Yes."

The court then recited for defendant each of the rights he was waiving, and asked defendant if he gave up each right. Defendant answered affirmatively to each question. Then the following occurred:

"THE COURT: *And, sir, if you were not a citizen of the United States and knew by entering this plea you would be deported from the*

3.

*United States and prohibited from returning to the [United States] would you still enter this plea?*

"THE DEFENDANT: Yes.

"THE COURT: How do you plead then to a violation of Health and Safety Code Section 11378, a felony, as listed in the Information? How do you plead, sir?

"THE DEFENDANT: Guilty.

"THE COURT: All right. Are you pleading guilty freely and voluntarily? Anybody force you to plead?

"THE DEFENDANT: No.

"THE COURT: So are you pleading freely and voluntarily?

"THE DEFENDANT: Yes.

"THE COURT: All right. Court will find there is a factual basis for the plea, that the plea and various waivers were made knowingly, intelligently and voluntarily and the court will accept the plea as stated." (Italics added.)

On October 29, 2014, defendant moved to vacate the judgment on the ground that the record of advisement did not comply with the requirements of section 1016.5.

On December 18, 2014, at the hearing on the motion to vacate, the trial court denied the motion.

## **DISCUSSION**

Before accepting a plea of guilty or no contest, a trial court is required to explain to a defendant that "if the defendant is not a citizen of this country, conviction of the charged offense 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization ….' " (*People v. Arriaga* (2014) 58 Cal.4th 950, 957; § 1016.5, subd. (a).[2]) "The defendant is then entitled to 'additional time to

---

**2**    Section 1016.5, subdivision (a) provides: "Prior to acceptance of a plea of guilty or nolo contendere …, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of

4.

consider the appropriateness of the plea in light of the advisement ….' [Citation.] The section contemplates a period during which the defendant, without risking the loss of the existing plea bargain, can reconsider its value in light of the immigration consequences that will result from it and attempt to negotiate a different bargain that will not have the same consequences." (*People v. Martinez* (2013) 57 Cal.4th 555, 562, citing § 1016.5, subds. (b) & (d).)

If the trial court fails to give the advisements required by section 1016.5, subdivision (a), the defendant may move to vacate the judgment and withdraw his guilty plea. (§ 1016.5, subd. (b); *People v. Arriaga, supra,* 58 Cal.4th at p. 957.) "To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement." (*People v. Totari* (2002) 28 Cal.4th 876, 884.) An order denying a motion to vacate the judgment under section 1016.5 is reviewed for abuse of discretion. (*People v. Superior Court* (*Zamudio*) 23 Cal.4th (2000) 23 Cal.4th 183, 192.)

The advisements required by section 1016.5 may be given in a validly executed plea form rather than orally by the court. (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 522-523.) In *Ramirez*, the defendant signed a change of plea form that included the immigration advisements required by section 1016.5, but the trial court did not repeat those advisements orally. (*Ramirez, supra,* at p. 520.) The defendant moved to vacate the judgment on the ground the trial court failed to give the oral advisements. (*Id.* at p. 521.) The trial court denied the motion. (*Ibid.*) The appellate court reasoned that the

---

the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

5.

legislative purpose of section 1016.5 is met if "the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel." (*Ramirez, supra,* at p. 522.) The court affirmed because the record contained a copy of the signed change of plea form, the change of plea form warned the defendant of all three possible immigration consequences "in precise statutory language," the trial court had asked whether the defendant had reviewed the form with his attorney, and the trial court had asked whether the form had been translated into Spanish and the defendant understood it. (*Id.* at p. 523.)

Here, defendant contends the trial court's oral admonition did not include a full advisement of the immigration consequences of his plea. He acknowledges, however, that he did execute a valid written waiver that complied with section 1016.5. He explains that *Ramirez* would apply in this case if the court had failed to provide *any* oral admonition, but it does not apply because the court gave an incorrect advisement that contradicted the written advisement.

We disagree. The court's oral advisement was neither incorrect nor contradictory. It was merely incomplete. The advisement in the change of plea form was complete and fully met the requirements of section 1016.5. Defendant initialed the immigration advisement in the change of plea form and stated at the plea hearing that he had reviewed the form with his attorney. Substitute counsel informed the court that defendant's counsel was confident defendant understood the rights he was giving up and the consequences of his plea.

We conclude the trial court substantially complied with the advisement requirements of section 1016.5. The court did not abuse its discretion when it denied defendant's motion to vacate the judgment.

6.

## DISPOSITION

The order denying the motion to vacate the judgment is affirmed.