Filed 6/29/16  P. v. Guzman CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265709 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA077563) |
| v. | |
| JOSE ORELLANA GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from a purported order of the Superior Court of Los Angeles County, Karen Joy Nudell, Judge.  Appeal dismissed.

Law Office of Zulu Ali and Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jose Orellana Guzman (Guzman) purports to appeal from an order denying a motion to withdraw a plea. Guzman contends that the trial court failed to advise him properly of the immigration consequences of his plea pursuant to Penal Code section 1016.5, subdivision (a).[1] However, the record shows that the trial court never ruled on his motion to withdraw his plea. Because there is no order for this court to review, the required statutory prerequisite for appellate review is absent. We therefore dismiss the appeal without prejudice.

## BACKGROUND

On April 23, 2014, the People filed a felony complaint charging Guzman with two counts stemming from an incident on or about March 14, 2014 involving Guzman and his cohabitant Elizabeth G. Count 1 alleged Guzman willfully inflicted corporal injury upon Elizabeth G., a felony in violation of section 273.5, subdivision (a); count 2 alleged Guzman willfully threatened to commit a crime which would result in death and great bodily injury to Elizabeth G., a felony in violation of section 422, subdivision (a). On May 15, 2014, Guzman waived formal arraignment and pleaded not guilty to counts 1 and 2.

On July 16, 2014, the People filed an amended felony complaint adding count 3 which alleged assault by means likely to produce great bodily injury, a felony in violation of section 245, subdivision (a)(4). On the same day, the People arraigned Guzman on count 3; he pleaded not guilty to that count.

Also on July 16, 2014, Guzman signed a standard felony advisement of rights, waivers, and plea form; the form declared that Guzman intended to plead guilty or no contest to count 1. On July 30, 2014, at a court hearing, Guzman waived his right to a jury trial, withdrew his plea of not guilty to count 1, and pleaded nolo contendere to count 1.

---

[1] All further statutory references are to the Penal Code.

2

After accepting Guzman's plea, the trial court suspended imposition of sentence, placed Guzman on formal probation for five years, ordered him to serve 365 days in the Los Angeles County jail, and ordered him to complete a 52-week domestic violence treatment program. Pursuant to the plea agreement, the trial court dismissed counts 2 and 3.

On February 2, 2015, the trial court attempted to hold a hearing on Guzman's motion to withdraw his plea and on his motion to reduce his jail sentence from 365 days to 364 days;[2] however, due to Guzman's absence at the hearing, the trial court stated its intention to take both matters off calendar. Guzman's counsel agreed that the trial court should take off calendar Guzman's motion to withdraw his plea but objected that the trial court should nevertheless hear Guzman's motion to reduce his jail sentence. The trial court acquiesced; after hearing argument on the jail sentence reduction motion, the trial court denied the motion. Following the hearing, a February 2, 2015 minute order stated that the trial court had denied the motion to reduce Guzman's jail sentence. However, the minute order said nothing about the motion to withdraw Guzman's plea and made no mention of the trial court's taking off calendar the motion to withdraw plea.

On April 2, 2015, Guzman filed a notice of appeal and a request for certificate of probable cause on the issue involving the adequacy of the trial court's immigration consequences advisement pursuant to section 1016.5. On April 16, 2015, the trial court granted Guzman a certificate of probable cause.

## DISCUSSION

As a threshold matter, we must first determine whether we have jurisdiction to review the order Guzman challenges. We conclude that we do not.

""""It is settled that the right to appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute."""" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Prescribing the general procedure for raising an allegation that a trial

---

[2] The record does not indicate the date that Guzman filed the motion to withdraw his plea.

court failed to comply with section 1016.5, that statute provides that the defendant may file a motion to vacate a judgment in order to withdraw his or her plea of guilty or nolo contendere and to enter a plea of not guilty. (§ 1016.5, subd. (b).) The trial court's denial of such a statutory motion is an appealable order pursuant to section 1237, subdivision (b). (*People v. Totari* (2002) 28 Cal.4th 876, 879, 887; *People v. Arriaga* (2014) 58 Cal.4th 950, 960.) Section 1237, subdivision (b) provides that a defendant may take an appeal from "any order made after judgment, affecting the substantial rights of the party."

Here, in his notice of appeal and in his opening brief, Guzman represents that he appealed from the trial court's February 2, 2015 order denying his motion to withdraw his plea. However, there is no such order. Guzman cites to the February 2, 2015 minute order, but the minute order only documents the trial court's ruling on Guzman's jail sentence reduction motion. The record contains no indication that the trial court ruled on Guzman's motion to withdraw his plea; in fact, the February 2, 2015 hearing transcript confirms Guzman's counsel's concurrence with the trial court's decision to take off calendar Guzman's motion to withdraw his plea. There is no order on the motion to withdraw Guzman's plea for this court to review; thus, the required statutory prerequisite for appellate review is absent. We do not have jurisdiction to consider this appeal and must dismiss it.

We recognize that the trial court granted Guzman's request for a certificate of probable cause on the question of the adequacy of the trial court's advisement on immigration consequences pursuant to section 1016.5. But, a certificate of probable cause is not a substitute for a ruling on a motion—and therefore is ineffective to confer appellate jurisdiction. (See, e.g., *People v. DeVaughn* (1977) 18 Cal.3d 889, 896.) Guzman has failed to take the necessary procedural steps to perfect an appeal. We must dismiss his appeal.

4

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.