Filed 7/8/16  P. v. Ramirez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>VENTURA LOPEZ RAMIREZ,<br><br>     Defendant and Appellant. | E063048<br><br>(Super.Ct.No. RIF1407176)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed.

Zulu Ali and Mohammad H. Iranmanesh for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Scott C. Taylor, and Kathryn A. Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ventura Lopez Ramirez appeals the denial of his postjudgment motion to vacate a 2014 conviction for felony spousal abuse.  Defendant

1

contends that he was not properly advised of the immigration consequences of his guilty plea. (Pen. Code, § 1016.5.[1]) We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On June 4, 2014, defendant was charged with one count of felony spousal abuse (§ 273.5, subd. (a)) and one count of misdemeanor battery on a spouse (§ 243, subd. (e)(1)). On July 10, 2014, defendant pled guilty to felony spousal abuse and the other count was dismissed. Prior to pleading guilty, defendant initialed numerous boxes on the plea form, including the following:

"**B. CONSEQUENCES OF PLEA** (1 through 5 apply to everyone): [¶] . . . [¶] 4. If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. [¶] . . . [¶] **C. DEFENDANT'S STATEMENT**: [¶] . . . [¶] 4. I have had adequate time to discuss with my attorney (1) my constitutional rights, (2) the consequences of any guilty plea, and (3) any defenses I may have to the charges against me."(Original boldface.)

At the end of the plea form, defendant signed on the line designated for the defendant, which stated immediately above the signature line: "I have read and understand this entire document. I waive and give up all of the rights that I have initialed. I accept this Plea Agreement." Defendant's attorney then signed on the signature line designated for the defense counsel, which stated immediately above the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

signature line: "I am the attorney for the defendant. I am satisfied that (1) the defendant understands his/her constitutional rights and understand[s] that a guilty plea would be a waiver of these rights; (2) the defendant has had an adequate opportunity to discuss his/her case with me, including any defenses he/she may have to the charges; and (3) the defendant understands the consequences of his/her guilty plea. I join in the decision of the defendant to enter a guilty plea." Lastly, an interpreter signed the plea form on the signature line designated for an interpreter, which stated immediately above the signature line: "Having been duly sworn, I have translated this form to the defendant in the Spanish language. The defendant has stated that he/she fully understood the contents of the form prior to signing."

Immediately before accepting the plea, the trial court, via a translator, advised defendant of the "charges and consequences of his/her plea and statutory sentencing," and found that defendant "has the ability to understand and does understand his/her constitutional rights." The trial court placed defendant on probation for three years.

On August 15, 2014, the Department of Homeland Security served defendant with a notice to appear before an immigration judge for removal from the United States. On October 15, 2014, in an attempt to fight the removal proceedings, defendant moved to withdraw his guilty plea on the grounds his counsel "failed to research and properly inform [him] of the deportation consequences resulting from a plea of guilty." His declaration faults both his counsel the trial court for not properly advising him of the immigration consequences of his plea. He declared that it "was not until I was taken into custody by Immigration and Customs Enforcement that I realized the immigration

3

consequences of the plea in this case." On January 13, 2015, the trial court denied the motion.

On March 10, 2015, defendant filed a notice of appeal and a request for a certificate of probable cause. The notice stated that the appeal challenged the validity of the plea. The request for a certificate of probable cause related that the basis for the appeal was that the trial court failed to advise defendant regarding the immigration consequences of his plea. The trial court denied the request for a certificate of probable cause and notified defendant that his notice of appeal was deemed "inoperative." Subsequently, defendant filed an amended notice of appeal, which stated that the appeal "is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea," and "challenges the validity of the plea." The request for certificate of probable cause again asserted that the trial court failed to advise defendant regarding the immigration consequences of his plea. The trial court denied the request for a certificate of probable cause; however, the appeal proceeded. Defendant's sole issue on appeal is whether his trial counsel's failure to advise him of the immigration consequences of his guilty plea constituted inadequate assistance.

## II. DISCUSSION

The Attorney General argues that the appeal should be dismissed, because defendant failed to obtain a certificate of probable cause pursuant to section 1237.5. We disagree. A certificate of probable cause is not required for an appeal from the denial of a motion to vacate under section 1016.5. (*People v. Arriaga* (2014) 58 Cal.4th 950, 955, 958-960.) The Attorney General argues that the appeal should be dismissed because

4

defendant failed to obtain a certificate of probable cause pursuant to section 1237.5. We disagree. A certificate of probable cause is not required for an appeal from the denial of a motion to vacate under section 1016.5. (*People v. Arriaga* (2014) 58 Cal.4th 950, 955, 958-960 [defendant is not required to obtain a certificate of probable cause before appealing the denial of a motion to vacate a conviction based upon allegedly inadequate advisement of immigration consequences of a plea].) Although defendant labeled his motion as a "MOTION TO WITHDRAW GUILTY PLEA" and references section 1018, instead of section 1016.5, we consider this to be a difference without a distinction: defendant contends that both his counsel and the trial court failed to properly advise him of the immigration consequences triggered by his plea.

"[T]he right to appeal a trial court's denial of a motion to vacate a conviction under section 1016.5 is authorized by section 1237's *subdivision (b)*. Unlike section 1237's subdivision (a), the right of appeal authorized by that section's subdivision (b) is *not* limited by section 1237.5. Section 1237's subdivision (b) simply says that an appeal may be taken by the defendant '[f]rom any order made after judgment, affecting the substantial rights of the party.'" (*Arriaga*, *supra*, 58 Cal.4th at p. 960.) "Because it is section 1237's subdivision (b) that authorizes an appeal from a trial court's order denying a section 1016.5 motion to vacate a conviction [citation], and that subdivision does not condition the right to appeal on first obtaining a certificate of probable cause, defendant here was not required to obtain a certificate of probable cause before challenging the denial order on appeal." (*Ibid*., fns. omitted.)

5

On the merits, the trial court did not abuse its discretion in denying the motion. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)  "To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement.  [Citations.]"  (*People v. Totari* (2002) 28 Cal.4th 876, 884.)  The record demonstrates that defendant was properly advised by the trial court that immigration consequences may follow his plea.

Notwithstanding the above, defendant contends that the court's advisement does not replace advice required by his counsel, and thus, it is insufficient to deem him adequately advised and warned.  However, "[s]ection 1016.5 addresses only the duty of trial courts to advise the defendant of the immigration consequences of the plea, and it empowers the court to vacate a conviction and set aside a plea only for the *court's* failure to fulfill that duty.  It does not address any duty that defense counsel may have to provide such advice, nor does it empower the court to vacate a conviction or set aside a plea for counsel's failure to fulfill his or her duty in that regard.  For that reason, section 1016.5 does not provide the trial court with jurisdiction to address a claim that a defendant was deprived of the effective assistance of counsel by counsel's failure to fully advise him or her of the immigration consequences of a guilty plea.  [Citation.]"  (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 71 (*Aguilar*).)

6

"The fact that [defendant's] motion does not entitle him to relief under section 1016.5 does not end the inquiry. The duties that defense counsel owes to a noncitizen criminal defendant client may be shown to involve providing his or her client with counsel's own advice as to the consequences of a plea, even when the court has provided the advice required by section 1016.5. [Citation.] The California Supreme Court [has] held that a defendant can pursue a claim for relief for ineffective assistance of counsel, based on counsel's misadvice regarding immigration consequences, notwithstanding that the trial court had properly advised the defendant under section 1016.5. (*In re Resendiz* [(2001) 25 Cal.4th 230], 240–242.)[2] '[T]hat a defendant may have received valid section 1016.5 advisements from the court does not entail that he has received effective assistance of counsel in evaluating or responding to such advisements.' [Citation.] Constitutionally adequate assistance '"must be determined by a standard bottomed on the Sixth Amendment of the United States Constitution and article I, section 15 of the California Constitution."' [Citation.] Therefore '[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.' [Citation.]" (*Aguilar*, *supra*, 227 Cal.App.4th at pp. 71-72, fns. omitted.)

In this appeal, defendant's claim of ineffective assistance of counsel fails. A defendant claiming ineffective assistance of counsel must show not only that counsel's performance fell below an objective standard of reasonableness under prevailing

---

**2** *In re Resendiz* was abrogated on another ground in *Padilla v. Kentucky* (2010) 559 U.S. 356, 370-371.

7

professional norms, but also must show prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *Padilla v. Kentucky*, *supra*, 559 U.S. at p. 366.) The record is devoid of any evidence showing that defendant's counsel affirmatively misadvised him. There is no declaration in the record from his counsel to attest to defendant's self-serving statements. In addition, neither defendant nor his counsel testified at the motion to vacate hearing in January 2015. Defendant's self-serving assertions that counsel did not properly advise him and that he otherwise would not have pled as he did are plainly insufficient to establish ineffective assistance. (*In re Alvernaz* (1992) 2 Cal.4th 924, 938 [defendant's self-serving statement that he would have acted differently but for counsel's ineffective assistance "must be corroborated independently by objective evidence"].)

Defendant's claim of ineffective assistance of counsel does not arise in a context in which the trial court observed counsel's performance during the course of a jury trial. (Cf. *People v. Fosselman* (1983) 33 Cal.3d 572, 582-583.) His claim is that, in receiving advice from his counsel, he did not get adequate advice or that he was misadvised concerning the immigration consequences of his plea. Because defendant's contention is based on a factual showing akin to a petition for habeas corpus, the issue "is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [claim that trial counsel rendered ineffective assistance in failing to make a motion to suppress evidence was not suitable for resolution on appeal because the record did not show the reasons for counsel's failure to do so].)

In sum, the trial court properly denied the motion to vacate the judgment and withdraw the plea.

## III. DISPOSITION

The trial court's order denying the motion to vacate defendant's 2014 conviction is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORT

                                                   HOLLENHORST

                                                                 Acting P. J.

We concur:

MILLER
                       J.

SLOUGH
                       J.