Filed 5/19/15  P. v. Flores CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL LEE FLORES,<br><br>Defendant and Appellant. | F068187<br><br>(Super. Ct. Nos. F11300341, F12907146)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge, and Ralph Nunez, Judge (retired judge of the Fresno Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]    Before Levy, Acting P.J., Cornell, J. and Detjen, J.

Daniel Lee Flores pled no contest to carjacking (Pen. Code, § 215, subd. (a)),[1] and admitted a firearm enhancement (§ 12022.5, subd. (a)). He was sentenced to the agreed-upon term of 15 years. Flores filed a notice of appeal and applied for a certificate of probable cause. The trial court denied the application for the certificate of probable cause. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she failed to identify any arguable issues in this case. By letter dated May 12, 2014, we invited Flores to submit additional briefing. On May 21, 2014, Flores filed a letter addressing issues we will discuss hereafter. After a review of the entire record, we agree there are no arguable issues in this case and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The charges against Flores arose from two separate incidents. In the first incident, Gerardo Montoya was washing his vehicle in his driveway when Flores approached with a female, pointed a gun at Montoya, and then stole his vehicle. This incident resulted in charges of carjacking (§ 215, subd. (a)), second degree robbery (§ 211), unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), and receiving stolen property (§ 496d, subd. (a)). Firearm enhancements pursuant to section 12022.5, subdivision (a) were alleged in counts 1, 2, and 3.

Approximately two weeks later, Flores was observed driving a stolen vehicle (not Montoya's vehicle) by Fresno County sheriff's deputies. A high-speed chase that at times exceeded 100 miles per hour ensued. The chase ended when Flores lost control of the vehicle and drove into a cotton field where the vehicle overturned. Flores was found hiding in the cotton field a short distance away. A duffle bag was found in the vicinity that contained a handgun and indicia that Flores was the owner. This incident resulted in charges of possession of a firearm by a felon (§ 29800, subd. (a)(1)), evading a police officer (Veh. Code, § 2800.2, subd. (a)), unlawful driving of a vehicle (Veh. Code,

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

§ 10851, subd. (a)), receiving stolen property (§ 496d, subd. (d)), and resisting arrest (§ 148, subd. (a)(1)).

The parties entered into a plea agreement wherein Flores pled guilty to carjacking and admitted the firearm enhancement for a stipulated term of 15 years in prison. The remaining counts and enhancements were dismissed. As part of the plea process, Flores signed a felony advisement, waiver of rights, and plea form. The plea form began by informing Flores of the terms of the plea agreement. It then advised Flores of his right to an attorney, his right to a jury trial, his right to confront witnesses, his right to remain silent, and his right to present evidence. Flores initialed the plea form indicating his understanding of each of these rights and initialed the plea form indicating he waived his trial rights. The plea form also advised Flores of the consequences of the plea, that he was pleading to a conviction that constituted a strike, and that the maximum sentence he could receive was 19 years. Flores signed the plea form directly below a statement that read, "I declare under PENALTY OF PERJURY, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on this form is true and correct."

Flores's counsel signed the plea form directly below a statement that read, "I am the attorney of record for the defendant and have reviewed this form with my client. I have explained to the defendant each of his/her rights and answered all of the defendant's questions with regard to this plea. I have discussed the facts of the case with the defendant, and explained the consequences of his plea, the element of the offense(s), and the possible defense(s). I concur with this plea and the defendant's decision to waive his/her constitutional rights."

At the hearing, defense counsel informed the trial court of the proposed terms of the agreement. The trial court confirmed Flores agreed to the proposed disposition and then reviewed the plea form. Flores affirmed he had gone over the plea form with defense counsel, admitted he had adequate time to discuss the plea form with defense

3.

counsel, admitted he initialed each of the relevant boxes on the plea form, admitted his initials indicated he understood his rights and was waiving his rights, admitted no promises were made to induce his plea other than what was contained on the plea form, and affirmed he understood the plea would result in a strike conviction.

Defense counsel confirmed she reviewed the plea form with Flores, and she was satisfied he understood his rights and the consequences of his plea. Flores then entered a no contest plea to the carjacking count and admitted the firearm enhancement. The prosecution dismissed the remaining counts and allegations. Flores was sentenced to the agreed-upon term.[2]

Flores filed a notice of appeal and included a certificate of probable cause. In the certificate of probable cause Flores stated, in essence, that he received ineffective assistance of counsel because defense counsel did not visit him in jail to review the evidence or discuss other options. Flores felt defense counsel rushed through the case, which forced him to agree to the plea agreement. He also complained because defense counsel was not present at the sentencing hearing (another attorney from defense counsel's firm was present representing Flores), and no one tried to get the restitution fees waived since he was indigent. The trial court denied the request for the certificate of probable cause.

## DISCUSSION

Section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants, a certificate of probable cause. Flores applied for a certificate of probable cause, but the trial court denied the application.

---

[2]Flores was on probation at the time of these offenses. The petition for violation of probation trailed this case. He was sentenced to time served on the violation, and probation was terminated.

"A certificate of probable cause for appeal should not be issued if the intended appeal is 'clearly frivolous and vexatious.' [Citation.] Conversely, issuance of the certificate is proper when the issue on appeal involves 'an honest difference of opinion.' [Citation.] In other words, the requirement of a certificate of probable cause serves as a mechanism for the trial court to determine whether there is a legitimate basis for the appeal." (*People v. Arriaga* (2014) 58 Cal.4th 950, 958-959.) Without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

"The trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious ….' [Citations.] [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. The trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause. [Citations.] Section 1237.5 requires the trial court to certify any arguably meritorious appeal to the appellate courts. Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause." (*People v. Holland* (1978) 23 Cal.3d 77, 83-84, disapproved on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1098.) "If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)

Even if we were to consider Flores's appeal as a petition for a writ of mandate, it would be denied. The contentions made by Flores are, in essence, claims that defense counsel was ineffective because she failed to devote adequate time to his defense. There is nothing in the record to suggest Flores had a viable defense to the charges. He was positively identified by the first victim, and was positively identified by the sheriff's

5.

deputy who chased him in the stolen vehicle in the second incident. Moreover, defense counsel's failure to appear personally at the sentencing hearing is irrelevant. The plea agreement included an agreed-upon term of 15 years in prison, and this was the sentence imposed on Flores. Considering Flores received a plea bargain that resulted in seven felonies being dismissed, and only a midterm sentence on the only felony to which he pled, it is clear defense counsel obtained an outstanding result for Flores.

Flores's second argument relates to imposition of the restitution fine. Flores contends defense counsel should have convinced the trial court to not impose the fine. This fine was imposed pursuant to section 1202.4, which mandates the fine be imposed "unless [the trial court] finds compelling and extraordinary reasons for not doing so." (*Id.,* subd. (b). No such reasons appear in the record, nor in Flores's probable cause declaration. The amount of the fine is left to the discretion of the trial court, but subdivision (b)(2) of section 1202.4 suggests the fine should be equal to the number of years to which the defendant is sentenced, multiplied by the minimum fine established in subdivision (b)(1) of section 1202.4. The trial court followed this formula in imposing the fine in this case, which clearly was within its discretion.

## DISPOSITION

The judgment is affirmed.[3]

---

[3]Flores also asks we order the police department to release his father's vehicle, which was impounded when Flores was arrested. This issue must be addressed by the trial court and/or the police department.