Filed 5/27/15  P. v. Sartin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERICK WAYNE SARTIN,<br><br>Defendant and Appellant. | F068417<br><br>(Super. Ct. No. CRF40826)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.  (Retired judge of the Tuolumne Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

JuNelle Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Cornell, Acting P.J., Poochigian, J. and Smith, J.

Erick Wayne Sartin pled guilty to numerous felonies resulting from a confrontation he had with his wife. The trial court sentenced Sartin to a 12-year prison term. The trial court thereafter denied Sartin's motion to withdraw his plea and his application for a certificate of probable cause. We affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The complaint/information[1] charged Sartin with making a criminal threat (Pen. Code, § 422),[2] inflicting corporal injury on a spouse (§ 273.5, subd. (a)), child abuse/endangerment (§ 273a, subd. (a)), cutting a utility line (§ 591), misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), and misdemeanor driving with a blood-alcohol content above 0.08 percent (*id.*, subd. (b)). The complaint/information also alleged Sartin had suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b) through (i). The driving while under the influence counts also alleged Sartin had a prior conviction for the same offense within the meaning of Vehicle Code sections 23540 and 23542.

The charges arose out of an incident involving Sartin's wife. Sartin became upset, threatened to murder his wife, and struck her several times while she was holding a baby. One of the blows apparently struck the baby in a glancing fashion. When his wife fled, Sartin, who was intoxicated, followed her in a second vehicle. Sartin also allegedly pulled the telephone wires out of the house.

A plea agreement was reached between Sartin and the prosecution. Sartin agreed to plead guilty to making criminal threats, inflicting corporal injury on a spouse, child abuse/endangerment, and driving while under the influence of alcohol. In addition,

---

[1]Sartin waived his right to a preliminary hearing, and the trial court deemed the complaint to be the information.

[2]All further statutory references are to the Penal Code unless otherwise stated.

Sartin agreed to admit he had suffered a prior conviction that constituted a strike. In exchange, the prosecution agreed to a maximum prison sentence of 12 years.

Sartin completed an advisement and waiver of rights form (plea form). The plea form indicated the charges to which Sartin would plead and the maximum total sentence of 12 years and informed Sartin he had the right to a jury trial, the right to confront witnesses, the right to subpoena witnesses to testify in his defense, the right to testify in his defense, and the right to remain silent. The plea form also advised Sartin he would be waiving his right to appeal. Sartin initialed each right twice, once indicating he understood each right and once indicating he waived each right. Sartin dated and signed the plea form immediately below the following statement:

> "I have read and understand the front and back of this form. I have had enough time to speak with my attorney; I have told my attorney everything I know about this case; my attorney has explained to me my rights, my defenses, and the possible consequences of my plea, including the consequences explained on the second page of this form. I am entering this plea freely and voluntarily. I understand that I may not withdraw this plea without a showing of good cause."

On the second page of the plea form, Sartin's counsel signed and dated the plea form below the section titled "Attorney's Statement," which read:

> "I have explained the contents of this form to my client. I have had sufficient time to discuss this case with my client, including the elements of the crime, and I have advised him/her of his/her rights, defenses, and the consequences of his/her plea. I join in the waiver of the rights made by my client, including the right to a jury trial."

Finally, the second page of the plea form advised Sartin that count 1 was a serious or violent felony that constituted a strike and that his good time/work time credits would be limited to 20 percent of the total prison term. The plea form also contained an affirmation that at the time Sartin signed the plea form, he was not under the influence of drugs or alcohol. Sartin initialed each of these advisements.

3.

When Sartin's case was called by the trial court, the prosecutor confirmed the counts to which Sartin would plead guilty, confirmed that Sartin would admit the strike prior, confirmed the sentence would not exceed 12 years, and recited a factual basis for the plea. The trial court confirmed Sartin wanted to plead guilty to those offenses for a maximum term of 12 years. The trial court explained that the maximum term that could be imposed was 12 years, but might be less at the discretion of the trial court. The trial court also explained there was no promise of a sentence less than 12 years.

The trial court confirmed Sartin had reviewed the plea form with his attorney. It also confirmed Sartin was waiving and giving up the rights listed in the plea form, and that Sartin understood the consequences of pleading guilty as explained on the plea form.

The trial court then confirmed with defense counsel that he had reviewed both sides of the plea form with Sartin, and that counsel believed Sartin's answers on the plea form were correct. The trial court also confirmed with defense counsel that he had reviewed the elements of the counts to which Sartin would plead. The trial court then accepted Sartin's guilty plea to the agreed-upon counts.

Before sentencing, Sartin moved to withdraw his guilty plea. The declaration filed by Sartin stated, in essence, that he was upset because the probation report identified the section 273a, subdivision (a) count as child abuse. Sartin thought he was pleading to child endangerment. He wanted to change his plea because he did not want his son to believe he had beaten him. The trial court denied the motion to withdraw the plea and sentenced Sartin to a prison term of 12 years.

Sartin filed a notice of appeal with a request for a certificate of probable cause. The request stated Sartin pled guilty because he was unable to obtain witness statements that would allow him to provide a defense. Sartin asserted he was told by defense counsel that if he (Sartin) obtained witness statements, he could withdraw his plea. He also asserted those statements were filed with the trial court on the day of sentencing.

Sartin asserted the statements proved his innocence. The trial court denied the request for a certificate of probable cause.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she failed to identify any arguable issues in this case. By letter dated April 17, 2014, we invited Sartin to submit additional briefing. To date he has not done so. We have reviewed the entire record and concur the appeal has no merit.

Section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants the defendant, a certificate of probable cause. Sartin applied for a certificate of probable cause, but the trial court denied the application.

"A certificate of probable cause for appeal should not be issued if the intended appeal is 'clearly frivolous and vexatious.' [Citation.] Conversely, issuance of the certificate is proper when the issue on appeal involves 'an honest difference of opinion.' [Citation.] In other words, the requirement of a certificate of probable cause serves as a mechanism for the trial court to determine whether there is a legitimate basis for the appeal." (*People v. Arriaga* (2014) 58 Cal.4th 950, 958-959.) A defendant must obtain a certificate of probable cause to appeal from the denial of a motion to withdraw a guilty plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 679 (*Johnson*).) Without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

"The trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious ….' [Citations.] [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. The trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause. [Citations.] Section 1237.5

requires the trial court to certify any arguably meritorious appeal to the appellate courts. Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause." (*People v. Holland* (1978) 23 Cal.3d 77, 84, overruled on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1098.) "If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court." (*Johnson, supra,* 47 Cal.4th at p. 676.)

We have reviewed the entire record and conclude that even if we were to treat this appeal as a petition for a writ of mandate, the trial court did not abuse its discretion in denying the application for a certificate of probable cause. We have reviewed the witnesses' statements (including those in the clerk's transcript and in the probation report) to which Sartin refers and conclude they provide no possible defense to the charges. Moreover, a guilty plea admits the prosecution possessed legally admissible evidence sufficient to prove a defendant's guilt beyond a reasonable doubt. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 43.) Therefore, Sartin has presented no possible grounds to challenge the judgment.

## DISPOSITION

The judgment is affirmed.

6.